IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In Re: Levi Kinderknecht,

    Debtor

Linda S. Parks, Trustee                      Case No. 11-MC-106-JTM

    Plaintiff,                           Bankr. Case No. 09-13443

                                         Bankr. Adv. No. 10-05209

    vs.

Persels and Associates, L.L.C., Stan Goodwin
and Jimmy B. Persels,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the defendants' Motion to Withdraw Reference (Dkt. 1). Filed pursuant to D.Kan. Rule 83.8.6(a)(6), Fed. R. Bankr. P. 5011, and 28 U.S.C. §157(d), defendants Persels and Associates, L.L.C, Stan Goodwin, and Jimmy Persels seek an order transferring this adversary bankruptcy proceeding from the Bankruptcy Court to the District Court for trial. The defendants contend that they are entitled to a jury trial on the Kansas Consumer Credit Protection Act, malpractice, breach of fiduciary duty, preference and fraudulent transfer claims advanced by the plaintiff.

The defendants' Motion to Withdraw Reference will be denied for the reasons stated in a companion case. In *Parks v. Consumer Law Associates* (*In Re Lewis*), Adv. No. 10-5098 (Bankr.

Kan. Sept. 29, 2010), *rec. accep'd*, No. 10-1337-JTM (D. Kan. Nov. 9, 2010), the court determined that while some elements of the action might ultimately require trial by jury, the more expeditious means of preparing the case for trial, if one is required, was to retain the bankruptcy reference.

The Trustee opposes the withdrawal of reference. (Dkt. 2). In addition, the Bankruptcy Court has issued a Report and Recommendation in the present action indicating the existence of similar actions already before that court, finding that the action included both core and non-core claims, but concluding that some of the claims would not entitle defendants to a jury trial. (Dkt. 3, at 8-9). The resolution of these equitable claims could render a jury trial unnecessary. Accordingly, the Bankruptcy Court has recommended that the court not accept the withdrawal of reference, and that it should retain jurisdiction of the action. Specifically, the Bankruptcy Court recommended that it retain jurisdiction until the completion of discovery, pretrial motions, and the trial of those claims upon which the defendants are not entitled to a jury trial (the accounting and turnover claim, the disgorgement claim, and the claim of unconscionability under the Consumer Protection Act).

Consistent with the prior reasoning in *Lewis*, and for the reasons stated by the Bankruptcy Court in its Report and Recommendation, the defendants' motion is denied as to the non-jury claims. As to the jury claims surviving dispositive motions, the reference will be withdrawn upon completion of pretrial proceedings.

IT IS SO ORDERED this 27th day of June, 2011.

                                                      s/ J. Thomas Marten  
                                                    J. THOMAS MARTEN, JUDGE